SANDERSON and another, Respondents, vs. CREAM CITY BRICK COMPANY, Appellant.

*May 4 — May 21, 1901.*

*Voluntary payment: Storage charges: Tender of judgment: Costs.*

1. Defendant contracted to deliver 400 cords of shipping wood to plaintiffs, to be transported by them by boat to Milwaukee. When the vessel was tendered to defendant for loading, fifty-seven cords of inferior wood was piled on the dock in front of the wood intended for plaintiffs, and to save double handling thereof defendant contracted with the captain of the vessel to transport such wood to defendant's dock in Milwaukee for an agreed price per cord; but the captain, in violation of his contract, delivered the inferior wood to plaintiffs, which they refused to accept, but voluntarily paid the freight to the captain. *Held*, that plaintiffs did not thereby acquire a right of action against the defendant for the amount of freight so agreed upon with the captain, and that the circumstances did not authorize them to create a legal liability against the defendant for piling or storing the wood.
2. Where plaintiffs have no right to a more favorable judgment than was offered, they can only recover costs up to the time of the offer, but must pay the defendant's costs from the time of such offer.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

For the appellant there was a brief by *Hoyt & Olwell,* and oral argument by *F. M. Hoyt.*

For the respondents the cause was submitted on the brief of *J. A. Eggen.*

CASSODAY, C. J. The complaint alleges, in effect, that during the times therein mentioned the plaintiffs were copartners in the business of buying, selling, and shipping wood and coal as proprietors of a wood and coal yard in the city of Milwaukee; that August 3, 1895, the plaintiffs, as such copartners, entered into a contract with the defendant wherein they agreed to purchase from it 400 cords of ship-

ping wood, at $2.62½ per cord, to be delivered to the plaintiffs in Mud Bay, Wisconsin, and to be accepted when the same should arrive in Milwaukee; that in pursuance of the contract the plaintiffs, December 1, 1895, had a vessel to land at that place and receive such wood, but that the defendant, in violation of the contract, furnished to the captain of the vessel, *as shipping wood,* fifty-seven cords of inferior wood, known as brick-yard wood; that as soon as the vessel arrived in Milwaukee the plaintiffs notified the defendant of the inferior quality of the wood, and that they refused to accept the same under the contract, and thereupon, and at the defendant's request, they piled and stored such inferior wood at their yard, where it remained for seventeen months, before the defendant took it away; that the storage thereof was reasonably worth $57, the piling $14.25, and the freight on the same from Mud Bay to Milwaukee $114, and damages for not delivering shipping wood instead of inferior wood $42.75.

The defendant answered to the effect that August 3, 1895, it sold to the plaintiffs 392 cords of maple wood, at $2.62½ per cord, to be delivered to them at Mud Bay, amounting in all to $1,029; that the plaintiffs promised to pay that sum for the wood on such delivery; that between August 3 and December 1, 1895, pursuant to such agreement, the defendant delivered to the plaintiffs, and the plaintiffs received from the defendant, at Mud Bay, 392 cords of wood on such contract; that the plaintiffs paid thereon $500 August 3, 1895, and $500 December 3, 1895; that the balance of the purchase price, amounting to $29, it alleges and claims as a counterclaim. The answer further alleges, in effect, that December 1, 1895, the defendant made and entered into an agreement with the plaintiffs whereby the plaintiffs undertook and agreed to transport from Mud Bay to the dock of the defendant, in Milwaukee, the fifty-seven cords of brick-yard wood mentioned, and the defendant promised and

agreed to pay for such transportation $1.62½ per cord, amounting to $92.63; that pursuant to that contract the defendant delivered such brick-yard wood to the plaintiffs at Mud Bay, who transported the same to Milwaukee, but instead of delivering the same at the dock of the defendant, as agreed, unloaded the same at the plaintiffs' yard, and notified the defendant thereof; that the defendant thereupon demanded of the plaintiffs that the wood be delivered at the dock of the defendant, pursuant to the agreement; that thereupon the plaintiffs agreed with the defendant that if it would waive the delivery of such wood at its dock the same might be stored without charge at the yard of the plaintiffs until such time as the defendant should dispose of the same; that the wood remained in the yard of the plaintiffs seventeen months, when the defendant removed the same. And the answer further denies each and every allegation of the complaint not therein specifically admitted. In and by the answer the defendant tendered judgment to the plaintiffs for the sum of $63.63, being the difference between such contract price of transportation and the $29, balance which the plaintiffs were indebted to the defendant for the shipping wood so delivered, and the costs of this action.

The plaintiffs, by way of reply, put in issue the allegations of the counterclaim.

A jury being waived, the cause was tried by the court, and at the close of the trial the court found, in effect, the contract for 400 cords of shipping wood as alleged in the complaint and admitted to the extent mentioned in the answer; that the fifty-seven cords of wood so delivered December 1, 1895, were of inferior quality, and known as brickyard wood, and that as soon as the plaintiffs learned that the vessel chartered by them to carry shipping wood contained inferior wood they declined to accept the same, and notified the defendant thereof; that at the request of the de-

fendant the plaintiffs piled and stored such inferior wood at their yard in Milwaukee, where it remained for seventeen months; that such piling was reasonably worth $14.25; that such storage was worth $38, and such freight $92.63; that the claim made by the defendant that the plaintiffs agreed to waive all claims for damages on account of the storage was not sustained by the evidence. As conclusions of law, the court found that the plaintiffs were entitled to judgment against the defendant for the several sums mentioned, amounting in the aggregate to $144.88, less the $29 due the defendant on its counterclaim, making the balance $115.88, together with interest thereon from June 1, 1897, and costs, and ordered judgment accordingly.

From the judgment entered thereon accordingly, the defendant brings this appeal.

By the terms of the contract alleged in the complaint, the defendant was to deliver the 400 cords of shipping wood to the plaintiffs in Mud Bay, but the time within which such delivery was to be made is not alleged. The only breach of contract alleged is that the defendant "furnished to the captain of the vessel, which the plaintiffs had at Mud Bay, December 1, 1895, fifty-seven cords of inferior wood." But there is no evidence that the defendant so furnished such inferior wood to apply on the contract. On the contrary, it is undisputed that at the time of the arrival of the vessel "Jura" at Mud Bay such inferior wood was piled on the dock in front of the wood intended for the plaintiffs; that, to save double handling of such inferior wood, the captain of the Jura agreed with the defendant's agent to transport such fifty-seven cords of inferior wood to the docks of the defendant at Milwaukee for $1.62½ per cord, amounting to $92.63; that the only objection the captain made was that he thought he ought to have $2 per cord, but, as the defendant's agent was not authorized to give more than $1.62½ per cord, he would agree to transport such inferior wood to the

defendant's docks for that price, and take his chances of getting more from the defendant; and that the captain "took just enough brick-yard wood to get room to load the maple wood." The answer alleges that the contract to so transport and deliver the brick-yard wood was made by the defendant with the plaintiffs. This was manifestly upon the supposition that the vessel belonged to the plaintiffs; but it appears from their testimony that it was owned by them in common with a man in Kenosha and the captain. The captain broke his agreement to deliver the brick-yard wood at the docks of the defendant, and instead thereof delivered the same at the yards of the plaintiffs. The captain, having thus placed the brick-yard wood in the possession of the plaintiffs in violation of his contract with the defendant, was no longer in a position to exact from the defendant the payment of the freight agreed upon. The plaintiffs, having thus voluntarily paid the freight which the defendant was under no obligation to pay, did not thereby acquire a right of action against the defendant for the amount of freight so agreed upon with the captain, much less $21.37 in excess of that amount. The plaintiffs' having thus acquired possession of the defendant's wood without its consent and contrary to its agreement with the captain of the vessel furnished by the plaintiffs, and of which they were part owners, did not authorize them to create a legal liability against the defendant for piling or storing the wood. Whatever rights of action the plaintiffs may have against the defendant on account of the brick-yard wood must have been acquired by virtue of their agreement with the defendant after that wood reached Milwaukee. It appears from the clear preponderance of the evidence that the plaintiffs agreed to store the wood so belonging to the defendant free of charge, until such time as the defendant could dispose of the same. The two Drakes and the defendant's bookkeeper so testify. True, one of the plaintiffs, as a witness, denies

the making of any such agreement, but even he fails to give testimony authorizing a recovery from the defendant for such piling or storage. It appears that it cost the defendant $42.75 to move the wood from the plaintiffs' yard to the defendant's yard. Nevertheless, the defendant by its answer consented to repay to the plaintiffs the $92.63 freight which it had agreed to pay to the captain, less the $29 alleged in its counterclaim, and so tendered judgment to the plaintiffs for $63.63, being the difference between those two sums, and also costs of the action. The plaintiffs, having no right to recover a more favorable judgment than was thus tendered, only have the right to recover costs in the superior court up to the time of such tender, but must pay the defendant's costs from the time of such offer. Sec. 2789, Stats. 1898.

*By the Court.*—The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded with direction to enter judgment as indicated in this opinion.